UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CV-60334-SMITH/VALLE

E.C. RUFF MARINE, INC.,

     Plaintiff,

v.

M/V *"BELLA GIORNATA,"* 89' Lazzara,
motor vessel, her boats, engines, tackle,
equipment, apparel, furnishings, freights,
appurtenances, and all fixtures and other
necessaries there unto appertaining and
belonging to the vessel, *in rem*., et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff's Motion to Determine Amount of Attorney's Fees (the "Motion"). (ECF No. 135). United States District Judge Rodney Smith has referred the Motion to the undersigned for disposition. (ECF No. 136). The undersigned has reviewed the Motion, Defendant's Response in Opposition to the Amount of Attorney's Fees (ECF No. 142), Counsel's Notice of Previously Awarded Fees and Costs (ECF No. 140), and is otherwise duly advised in the matter. Accordingly, the undersigned recommends the Motion be **GRANTED IN PART AND DENIED IN PART**. For the reasons discussed below, Plaintiff should be awarded $71,964 in attorneys' fees.

## I.    BACKGROUND

The underlying facts are undisputed. Accordingly, the Amended Findings of Fact and Conclusions of Law (ECF No. 138) are hereby incorporated by reference. In brief, after a multi-day bench trial, the District Court found in favor of Plaintiff and against Defendants on all claims

alleged in the Second Amended Complaint, which alleged foreclosure of a maritime lien and breach of contract. *Id.* at 1. The District also found that Plaintiff was entitled to recover attorney's fees from Defendants and reserved jurisdiction to determine the amount. *Id.* at 7-8. The instant Motion followed.

## II.  DISCUSSION

### A. The Lodestar Method of Determining Reasonable Fees

Courts in the Eleventh Circuit use the "lodestar" method to calculate the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, a court first determines the reasonable rate of an attorney's services and then determines if the hours expended by counsel are reasonable. *Id.* at 1299-1302. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299. The relevant legal community is "the place where the case is filed." *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quotations and citation omitted). The movant "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," and "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299.

When determining whether the number of hours expended by counsel is reasonable, the court "must deduct time spent on discrete and unsuccessful claims." *Id.* at 1302 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). Further, where a court finds the number of hours claimed by counsel is unreasonably high, the court may conduct an hour-by-hour analysis or reduce the requested hours with an across-the-board cut, but not both. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Courts need not become "green-eyeshade accountants." *Fox v. Vice*,

563 U.S. 826, 838 (2011).  The essential goal for the court is to "do rough justice, not to achieve auditing perfection."  *Id.*

Here, the relevant legal community is South Florida.  Plaintiff seeks to recover $79,960 in attorney's fees for worked performed by attorney Adam Ludwin (at $400/hour), and paralegals Ms. Roxanna Smith and Ms. Shelley Larzhal (both at $200/hour).  (ECF No. 135 at 3, 4).  Defendant objects to counsel's requested hourly rate and challenges several of the hours incurred as duplicative, excessive, and as billing for unrecoverable clerical work.  *See generally* (ECF No. 142).

**B.  Reasonable Hourly Rates**

In determining reasonable hourly rates in South Florida, the undersigned may also consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases."  *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")).[1]  The Court also may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1303).

The undersigned has considered the *Johnson* factors and reviewed counsel's qualifications. *See, e.g.,* (ECF No. 135 at 3) (asserting counsel has 12 years of experience);

---

[1] The Eleventh Circuit has adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

https://www.floridabar.org/about/section/profile/?num=101742 (confirming attorney Ludwin is a 2010 graduate of Nova Southeastern University Shepard Broad College of Law who was admitted to the Florida Bar in 2013) (last visited Jan. 27, 2026); s*ee also Ludwin v. Proman,* No. 20-CV-81755-RS (S.D. Fla. Jan 7, 2022) (ECF No. 124) (recommending $400/hr as reasonable rate for attorney Ludwin); *Garcia v. J & J, Inc.*, No. 19-CV-60728, 2021 WL 633377, at *6 (S.D. Fla. Feb. 1, 2021), *report and recommendation adopted*, 2021 WL 616529 (S.D. Fla. Feb. 17, 2021) (awarding $350/hr to counsel with 9-10 years of experience).  Further, the paralegals who worked on this matter have several years of experience. *See* (ECF No. 135 at 3) (asserting that Ms. Smtih was a paralegal for three years prior to attending law school; Ms. Larzhal has 30 years of experience).  Accordingly, based on the Court's review, independent judgment, and expertise, the Court finds that the hourly rates for the timekeepers are reasonable.  Consequently, the undersigned recommends that counsel's hourly rates be approved, without reduction.

### C.  Reasonable Hours Expended

Having determined counsel's reasonable hourly rates, the undersigned next determines the reasonableness of the hours expended by the attorneys working on the case.  As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley*, 461 U.S. at 434.  That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (quotations and citations omitted).

Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *ACLU*, 168 F.3d at 428.  The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time

claimed for the action. *Id.* at 427, 432-33. In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301.

Here, Defendants challenge counsel's time entries as duplicative, excessive, and billing for unrecoverable clerical work. *See generally* (ECF No. 142). Upon review, the billing records reflect certain billing inefficiencies that require a minor downward adjustment. More specifically, several of the time entries reflect time spent on clerical work, such as calendaring events and saving documents to servers, for which an attorney cannot properly bill.[2] *See Hava v. City of Hollywood Fla.,* No. 23-CV-60537, 2025 WL 475862, at *7 (S.D. Fla. Jan. 28, 2025), *report and recommendation adopted*, 2025 WL 472308 (S.D. Fla. Feb. 12, 2025) (recommending 10% deduction for clerical work, such as preparing subpoenas, coordinating/scheduling mediation, and e-filing); *Salvador v. Brico, LLC*, No. 17-CV-61508, 2020 WL 1874066, at *3 (S.D. Fla. Apr. 15, 2020) (finding that scheduling and "[t]he preparation of these simple and routine documents was clerical work"); *see also Oreilly v. Art of Freedom Inc.*, No. 17-CV-21251, 2018 WL 6616445, at *4 (S.D. Fla. Dec. 14, 2018) (reiterating that "fees incurred in commission of non-legal or administrative tasks are not compensable").

The billing records also reveal a few instances of inappropriate "block billing." *See Interim Healthcare, Inc. v. Health Care@Home, LLC,* No. 17-CV-61378, 2019 WL 6791465, at *1 (S.D. Fla. Nov. 27, 2019 ("Block billing" is the practice of including multiple distinct tasks within the same time entry), *report and recommendation adopted*, 2019 WL 6769666 (S.D. Fla. Dec. 12, 2019); *see, e.g.*, (ECF No. 135-1 at 6) (11/1/3 entry by attorney Ludwin for 7.8 hour for "trial prep

---

[2] For example, the following entries reflect clerical work: 2/2/23 entries for .1 hour to pay invoices (ECF No. 135-1 at 7); several entries for downloading and saving items to server (*id.* at 2, 3, 4); 3/18/2024 entry for .2 hours for scanning retainer agreement and saving to file.

and communications with oc regarding exhibits"); *Id.* at 5 (11/4/23 entry by attorney Ludwin for

8.7 hours for "trial prep and meeting with clients to review invoices and  daily reports"); *Id.*

(11/4/23 entry by paralegal for 5 hours for creating trial exhibit binders, print, arrange, type work

orders, and email to opposing counsel); *Id.* (11/6/2023 entry by attorney Ludwin for 11.3 hours for

attending trial and preparing for trial continuation the following day).  Thus, while the undersigned

does not doubt that counsel worked in good faith on the projects attributed to this case, the Court

must be able to verify the need or relatedness of those projects before it can approve payment for

the time incurred.  *Interim Healthcare*, 2019 WL 6791465, at *6 (citation omitted).

For the foregoing reasons, the undersigned concludes that a minor reduction in the

requested fees is appropriate.  Rather than conducting an hour-by-hour analysis of counsel's time

entries, the undersigned recommends an across-the-board 10% reduction to the amount of fees

requested to account for clerical work and counsel's block billing.  *See, e.g., Interim Healthcare*,

2019 WL 6791465, at *6 (recommending a 10% reduction for billing inefficiencies); *Ovalle v.*

*Perez*, No. 16-CV-62134, 2017 WL 7792719, at *2 (S.D. Fla. Nov. 9, 2017), *report and*

*recommendation adopted*, 2017 WL 7796183 (S.D. Fla. Nov. 30, 2017) (adopting a 10% reduction

for use of block billing, redacted time entries, and redundancy in efforts); *Shipping and Transit,*

*LLC v. 1A Auto, Inc.*, 283 F. Supp. 3d 1290 (S.D. Fla. 2017) (adopting 15% reduction in fees based

on billing inefficiencies); *Rubenstein v. Fla. Bar*, No. 14-CV-20786, 2015 WL 1470633, at *4-6

(S.D. Fla. Mar. 31, 2015), *report and recommendation adopted*, 2015 WL 11216722 (S.D. Fla.

Apr. 22, 2015) (adopting a 30% reduction to counsel's hours for use of block billing); *see also*

*Bivins*, 548 F.3d at 1350 (noting that when the number of hours claimed is unreasonably high, a

court may conduct an hour-by-hour analysis or may reduce the requested hours with an across-

the-board cut). Consequently, the undersigned recommends that Plaintiff be awarded $71,964 in attorneys' fees.[3]

### III. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion to Determine Amount of Attorney's Fees (ECF No. 135) be **GRANTED IN PART AND DENIED IN PART**. Plaintiff should be awarded $71,964 in attorneys' fees.

Within **14 days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2025); *see Thomas v. Arn*, 474 U.S. 140 (1985).

Lastly, if counsel do not intend to file objections, they shall file a Notice of Non-Objection **within 7 days** of this Report and Recommendation.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on January 27, 2026.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
    All Counsel of Record

---

[3] This amount consists of $79,960 (the amount requested) X .90 = $71,964 (reflecting 10% reduction for billing inefficiencies). *See Dial HD, Inc. v. ClearOne Commc'ns, Inc.*, 536 F. App'x 927, 931 (11th Cir. 2013) (noting that where an hour-by-hour review is impractical, the Court can cut either the total number of hours or the lodestar amount).